# Third District Court of Appeal

## State of Florida

Opinion filed May 10, 2017.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D17-582
Lower Tribunal No. 09-28701
_____

**Morris Mariah,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal under Florida Rule of Appellate Procedure 9.141(b)(2) from the Circuit Court for Miami-Dade County, Dava J. Tunis, Judge.

Morris Mariah, in proper person.

Pamela Jo Bondi, Attorney General, for appellee.

Before ROTHENBERG, SALTER, and FERNANDEZ, JJ.

ROTHENBERG, J.

Morris Mariah appeals the trial court's omnibus order denying his motions to correct, modify, or set aside what Mariah claims is an illegal sentence. Mariah contends that his cumulative twenty-year habitual felony offender sentence is an illegal sentence because: it exceeds the maximum period set forth by law; the trial court failed to determine whether there was a factual basis to impose an habitual offender sentence; Mariah was both insane and incompetent when he entered his plea; and the trial court's finding of competency was based on "stale" reports and testimony. Because we find that each of Mariah's claims are without merit, we affirm.

Mariah was on probation in case numbers F04-36496 (for burglary of a structure) and F05-3099 (for aggravated battery on a prison official) when he was charged in case number F09-28701 with committing nine offenses including burglary, resisting an officer with violence, two counts of aggravated battery on a police officer with a deadly weapon, and one count of aggravated assault on a law enforcement officer. After his 2009 arrest, Mariah was sent to South Florida Evaluation and Treatment Center ("SFETC") based on a finding of incompetency. Upon his return, and after being re-evaluated, the trial court conducted a competency hearing, found that Mariah was competent to proceed, and subsequently accepted Mariah's plea as to the violation of his probation and the

new offenses. Based on the negotiated plea, Mariah was sentenced to fifteen years state prison followed by five years of probation as a habitual felony offender.

We find nothing illegal about that sentence. The sentence, which was as a result of a negotiated plea, does not exceed the statutory maximum. The trial court colloquied Mariah prior to making a finding that Mariah qualified to be sentenced as a habitual felony offender. Mariah admitted that he was the person convicted of the offenses in case numbers F04-36496 and F05-3099 and that his convictions were not overturned on appeal or pardoned by the Governor. Aggravated battery on a law enforcement officer with a deadly weapon is a first degree felony punishable by thirty years in prison, and aggravated assault on a law enforcement officer is a second degree felony punishable up to fifteen years in prison. The other offenses Mariah was charged with were third degree felonies punishable up to five years in prison. It is therefore clear that the sentence imposed was a legal sentence.

Mariah's claim of insanity and/or incompetency at the time he entered his plea is also refuted by the record. The transcript of the 2012 competency hearing reflects that Dr. Sonia Ruiz initially evaluated Mariah in 2009 prior to Mariah's commitment to SFETC, again in June of 2010 upon his return to Miami-Dade County, and then a third time just prior to the competency hearing in 2012. Dr. Ruiz found that Mariah was competent to proceed in both 2010 and 2012. Dr.

Ruiz testified that even when Mariah was first examined in 2009, she had concerns that he was feigning his symptoms, but out of caution, she recommended that he be sent to SFETC for an evaluation and treatment for depression. Dr. Ruiz's finding of competency in 2012 was based on her evaluations of Mariah, her review of his records at SFETC and the Miami-Dade County Jail, and her direct contact with people at both facilities. She found he was malingering and competent to proceed.

Similarly, Dr. Ralph Richardson evaluated Mariah in July 2010, and then again in January 2012 just before the competency hearing. On both occasions, he concluded that Mariah was malingering and competent to proceed. Dr. Richardson noted that even the mental health professionals at SFETC had concluded that Mariah was malingering.

In contrast, Dr. Michael Di Tomaso, a witness appointed on behalf of the defendant, as opposed to a court-appointed expert, opined that Mariah was not competent to proceed. The trial court, however, found Dr. Di Tomaso's conclusion "incredulous." The trial court specifically noted that Dr. Di Tomaso, who had no prior exposure to Mariah, did no testing (both Dr. Ruiz and Dr. Richardson performed extensive testing), reviewed no records, reviewed no reports, and did not attempt to speak with anyone at the Miami-Dade County Jail or SFETC to confirm or call into question Mariah's presentation.

As reflected, Dr. Di Tomaso's testimony conflicted with Dr. Ruiz's and Dr. Richardson's testimony as to Mariah's competency. The trial court had the opportunity to assess the testimony and credibility of the three mental health experts, and in doing so, rejected Dr. Di Tomaso's testimony. As Dr. Ruiz's and Dr. Richardson's testimony was sufficient to sustain a determination that Mariah was competent, the trial court, as the fact-finder, was well within its discretion to reject Dr. Di Tomaso's testimony. See Alston v. State, 894 So. 2d 46, 54 (Fla. 2004) ("[W]hen the experts' reports or testimony conflict regarding competency to proceed, it is the trial court's responsibility to consider all of the relevant evidence and resolve such factual disputes."); see also Hernandez-Alberto v. State, 126 So. 3d 193 (Fla. 2013) (same). Because there was sufficient evidence to support the trial court's conclusion, this Court cannot substitute its judgment for that of the trial court. Alston, 894 So. 2d at 54. Therefore, as Mariah has failed to demonstrate that the trial court abused its discretion, the trial court's determination that Mariah was competent to proceed will stand. See Hernandez-Alberto, 126 So. 3d at 204 ("A trial court's decision regarding competency will stand absent a showing of abuse of discretion.").

Affirmed.